UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NIKKCO L. FORTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-CV-279 SNLJ |
| ) | |
| THOMAS E. PRICE, SECRETARY, ) | |
| U.S. DEPT. OF HEALTH AND HUMAN ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case comes before the Court on defendant United States Department of Health and Human Services' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (#16). Plaintiff responded, to which defendant replied. The issues are briefed and ripe for disposition.

### I. Factual Background

Plaintiff was involved in a motor vehicle accident, during which she sustained bodily injuries and damages. Treatment for plaintiff's bodily injuries was provided by defendants Missouri Delta Medical Center and Dr. Sanders and the costs for that treatment were covered by defendants United States Department of Health & Human Services ("Medicare") and Missouri Department of Social Services – MO Healthnet Division ("Medicaid"). Plaintiff hired a law firm to pursue her claim for damages resulting from the motor vehicle accident against a tortfeasor. The insurance carrier providing coverage for the tortfeasor tendered the policy limit for its liability coverage

"for it to pay as and for the injuries sustained by the plaintiff" in the accident in the amount of $51,000. All of the defendants and plaintiff's lawyers have liens against the insurance proceeds.

Plaintiff filed this complaint in this Court, allegedly under this Court's federal question jurisdiction, and asks this Court to distribute the insurance proceeds by reducing and or apportioning the lien claims of the defendants because the claims against the insurance proceeds exceed the total amount of insurance proceeds available by approximately $40,000. Defendant Medicare filed its motion to dismiss and argues that this Court lacks subject matter jurisdiction over plaintiff's complaint because plaintiff failed to comply with the requirements of the Medicare Act. Plaintiff opposes defendant's motion and although not disputing the existence of Medicare's lien, argues that the Medicare Act does not apply under the facts of this case.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over the claim. "Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight System, Inc. v. International Broth. Of Teamsters,* 645 F.3d 954, 958 (8th Cir. 2011) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir. 2002)). Thus, a claim by a party that lacks standing is properly dismissed pursuant to Rule 12(b)(1). *Cook v. ACS State & Local Solutions, Inc.,* 756 F. Supp. 2d 1104, 1106 (W.D. Mo. 2010), *aff'd,* 663 F.3d 989 (8th Cir.2011).

In determining whether a plaintiff lacks standing to sue, a Rule 12(b)(1) motion may challenge the complaint on its face or on the factual truthfulness of its assertions. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). Here, the defendant factually attacks the complaint, meaning at issue is this Court's jurisdiction, "its very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). In ruling on a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact, "[t]he district court has the authority to consider matters outside the pleadings" *Drevlow v. Lutheran Church, Missouri Synod*, 991 F.2d 468, 470 (8th Cir. 1993). Further, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730. In defending a factual attack, the plaintiff carries the burden of proof that jurisdiction exists. *Id.*

Plaintiff alleges this Court has federal question jurisdiction under 28 U.S.C. § 1331 because "Medicare Secondary Payer ["MSP"] issues are exclusively within the province of federal courts." The MSP provisions, 42 U.S.C. § 1395y(b), require that Medicare be reimbursed for medical expenses that Medicare has paid on behalf of the injured party. Medicare is a secondary source of payment and may make a "conditional payment . . . if a primary plan . . . has not made or cannot reasonably be expected to make payment . . . promptly . . . ." 42 U.S.C. § 1395y(b)(2)(B)(i). "Any such payment by the Secretary shall be conditioned on reimbursement to the appropriate Trust Fund . . . ." *Id.* "Thus, Medicare becomes obligated as a secondary payer only when a 'primary plan' has not or cannot promptly pay a claim and expressly reserves the right to reimbursement

3

from 'a primary plan, *and [from] an entity that receives payment from a primary plan.*'" *In re Petition of Korff*, Case No. 16-cv-12984 PDB, 2016 WL 4537815 at *4 (E.D. Mich. Aug. 31, 2016) (citing 42 U.S.C. § 1395y(b)(2) & (b)(2)(B)(ii)) (emphasis in original).

"A tortfeasor against whom a judgment is rendered or settlement obtained . . . is considered a 'primary payer' under the MSP." *Id.* (citing *Hadden v. United States*, 661 F.3d 298, 300 (6th Cir. 2011)). *See* 42 C.F.R. 411.22. Thus, a successful plaintiff in a civil action that received a settlement or judgment from the tortfeasor is "an entity that receives payment from a primary plan," e.g. the tortfeasor. *Id.* After Medicare makes a conditional payment and the plaintiff receives a settlement from a tortfeasor, Medicare is entitled to reimbursement for all costs rendered to the plaintiff under the MSP and Medicare Act. This is not to say that Medicare will always pursue or receive the return of all of its costs. Medicare may reduce or even waive its recovery under the Medicare Act. See, e.g., 42 U.S.C. § 1395y(b)(2)(B)(v); 42 U.S.C. § 1395gg(c). Judicial review, as compared to Medicare's own review and decision, is not available to a party who seeks to bypass the statutory requirements of the Medicare Act. A plaintiff must "first have to request that the agency exercise its discretion to waive its right to collect from the proceeds of [her] tort suit the medical expenses it had paid on her behalf." *Walters v. Leavitt*, 376 F. Supp. 2d 746, 756 (E.D. Mich. 2005) (internal citation omitted).

Congress expressly limited judicial review of Medicare disputes, including the MSP provisions, to the internal statutory review mechanism, stating "'no action against the United States, the [Secretary] or any officer or employee thereof, shall be brought under § 1331 . . . to recover on any claim arising under' the Medicare Act. 42 U.S.C. §

4

405(h) (incorporated into 42 U.S.C. § 1395(ii)." *Self v. Leavitt*, Case. No. 3:06-CV-167 GTE, 2007 WL 1214898 at *3 (Apr. 24, 2007). A case arises under the Medicare Act when "both the standing and substantive basis for the . . . claim are the Medicare Act." *Your Home Visiting Nurse Services, Inc. v. Shalala*, 525 U.S. 449, 456 (1999). When a case arises under the Medicare Act, § 405(h) "precludes judicial review under § 1331 and requires channeling *virtually all legal claims* through the agency's administrative process *before such claims can be heard in federal court*." *Great Rivers Home Care, Inc. v. Thompson*, 170 F. Supp. 2d 900, 904 (E.D. Mo. 2001) (citing *Shalala v. Illinois Council on Long Term Care*, 529 U.S. 1, 13-14 (2000)) (emphasis added). Only after there has been a final decision by the Secretary, through the internal administrative review process, may a party seek judicial review. 42 U.S.C. § 405(g) & (h).

A final decision by the secretary may only be made under § 405(g) after there has been a (1) presentment of any claim to the Secretary and (2) exhaustion of all administrative remedies under the Act. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). The Secretary has the discretion to waive the latter requirement. *Great Rivers Home Care, Inc.*, 170 F. Supp. 2d at 905. However, the former is "nonwaivable and nonexcusable," meaning "[a]t a minimum . . . the matter must be presented to the agency prior to review in a federal court." *Illinois Council*, 529 U.S. at 15, 24. "Ultimately, judicial review is available in this Court if [the plaintiff is] dissatisfied with the relief [she receives] at the agency level." *In re Petition of Korff*, 2016 WL 4537815 at *7.

### III. Lack of Subject Matter Jurisdiction

Plaintiff has the burden of proving subject matter jurisdiction. To establish jurisdiction, plaintiff stated "Medicare Secondary Payer issues are exclusively within the province of the federal courts." This is true, albeit incomplete. Additionally, plaintiff cited *Bradly v. Sebelius*, 621 F.3d 1330 (11th Cir. 2010) for the proposition that "the amount that Defendant Medicare is paid out of the settlement proceeds can be determined by the Court." However, this Court only has jurisdiction in this action after the Secretary has (1) been presented with a claim arising under the Medicare Act and (2) after exhaustion of all administrative remedies. *See* 42 U.S.C. § 405(g) & (h). Plaintiff presents no evidence that she complied with either requirement. Furthermore, the *Bradley* case is inapposite because the petitioners in in that case complied with the two requirements of the Medicare Act before seeking judicial review. *See* 621 F.3d at 1334.

Plaintiff claims that defendant Medicare's reliance on § 405 and related case law is mistaken because the plaintiff is not disputing or challenging the Medicare lien at issue in this case. Instead, plaintiff seeks an order from this Court to determine the rights and claims of the defendants and plaintiff's attorneys because the amount of the lien claims held by the same exceed the total amount of settlement money. Because of this, plaintiff argues, § 405 is not applicable.

Plaintiff's argument is at odds with the Medicare Act and related case law. Plaintiff's claim arises under the Medicare Act because "both the standing and substantive basis for [her] . . . claim [is] the Medicare Act." *Your Home Visiting Nurse Services, Inc.*, 525 U.S. at 456. Plaintiff explicitly claims that the MSP provisions provide this Court with subject matter jurisdiction. Further, plaintiff's claim necessarily

6

asks for this Court to alter, reduce, or eliminate Medicare's lien on plaintiff's settlement money. Thus, the Medicare Act provides the substantive basis for plaintiff's complaint. Plaintiff may not allege to challenge the existence of Medicare's lien, but she clearly challenges the amount of that lien.

**IV.     Conclusion**

This Court does not have subject matter jurisdiction over this case because plaintiff has wholly failed to comply with the requirements of the Medicare Act. Plaintiff must proceed through the administrative agency in order to present her arguments and theories and then exhaust her administrative remedies. Only after these requirements are met may the plaintiff seek judicial review in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction (#16) is **GRANTED**.

So ordered this 30th day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE